In the Matter of KALIOPE YANKOPOULOS, Petitioner, v STATE OF NEW YORK et al., Respondents.

First Department, August 2, 1984

### APPEARANCES OF COUNSEL

*James M. Hartman* for petitioner.

*Robert S. Hammer* of counsel (*Richard G. Liskov* with him on the brief; *Robert Abrams, Attorney-General*, attorney), for respondents.

### OPINION OF THE COURT

KUPFERMAN, J.

The petitioner's commission as a notary public was revoked by the Secretary of State pursuant to section 130* of the Executive Law for "an act of misconduct", and she brought on this CPLR article 78 proceeding, transferred to this court, to annul the determination. We hereby grant the petition and annul the determination.

---

* The validity of section 130 is now in question because of the provision therein that a notary public must be a citizen of the United States. (See *Bernal v Fainter,* 467 US __, 52 USLW 4669.) However, that is not involved in our determination in this matter.

As testified to at the hearing which led to the determination herein, a one-time Argentine national, now a citizen of the United States, Ms. Zanick obtained the name of the petitioner's employer, Bertrand D. Gerber, Esq., a New York attorney, from a list supplied by the Argentinian Consulate. Ms. Zanick chose Gerber's office from the list because it was most convenient, and her own counsel was not available. She wanted an assignment of rights document so she could transfer her apartment in Argentina to her mother. She came to Mr. Gerber's law office. He was not in because he was in ill health. He is since deceased. According to the testimony, he was out of the office a good deal because of his health, and the petitioner who, acted as secretary and paralegal, was in constant communication with him by telephone as to office matters. Ms. Zanick told the petitioner what she needed, and she waited in the office while a document was prepared entitled "assignment of rights". Ms. Zanick's signature was then notarized by the petitioner, and a fee of $35 was paid to the Gerber office and a receipt given by the petitioner.

Because of the foregoing, the petitioner was found to have engaged in an act of misconduct, to wit, unlawful practice of law, and her commission as a notary public was revoked.

Initially, it should be pointed out that there is no charge or evidence that petitioner misused her notarial functions or that qua notary she did anything wrong.

The recent United States Supreme Court opinion in *Bernal v Fainter* (467 US __, __, 52 USLW 4669, 4672) points out that the duties of a notary are "essentially clerical and ministerial". This was said in the context of a determination that a citizenship requirement " 'is wholly unrelated to the achievement of any valid state interest' " (*supra,* p __, p 4670).

While the ruling by the Secretary of State is entitled to great weight as an administrative ruling, the evidence of so-called "unlawful practice" is practically nonexistent. The petitioner worked in the office of an attorney and counselor at law. She testified that she communicated with her employer with respect to whatever document she might prepare. She did not keep the fee. It makes no sense

(see *Matter of Century Operating Corp. v Popolizio,* 60 NY2d 483, 488) for the Secretary of State to determine that a paralegal working under the supervision of a member of the Bar, is practicing law, especially on the flimsy evidence presented in this hearing. Moreover, there is a serious question as to whether the Secretary of State is to make that determination, or whether a Departmental Disciplinary Committee or the Attorney-General (see Judiciary Law, § 476-a) should proceed in such a matter.

Various additional questions are raised by the petitioner as to the validity of the determination, such as the authority of a notary public to draw an assignment of rights document for use in another jurisdiction (Executive Law, § 135) and the refusal of the hearing officer to furnish the petitioner with a copy of his written report prior to the determination by the Secretary of State. In our view, it is not necessary to pass upon any of these other contentions.

The determination by the Secretary of State should be annulled, on the law, without costs.

MURPHY, P. J., ASCH, BLOOM and KASSAL, JJ., concur.

Determination of respondent Secretary of State dated January 16, 1983, unanimously annulled, on the law, without costs and without disbursements.